**SCURA, WIGFIELD, HEYER & STEVENS, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Fax.973-696-8571
David L. Stevens (Attorney ID 034422007)
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Case No. 16-15414 (VFP) |
| **PILGRIM MEDICAL CENTER, INC., AND NICHOLAS V. CAMPANELLA,** | (Jointly Administered) |
| | Chapter 11 |
| Debtor. | Hon. Judge: Vincent F. Papalia |
| | Hearing Date and Time: December 22, 2016 @ 11:00 am |
| | *Oral Argument Requested* |

**MEMORANDUM OF LAW IN OPPOSITION OF MOTION FOR AN ORDER REINSTATING THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OR APPOINTING AN OFFICAL COMMITTEE OF EMPLOYMENT DISCRIMINATION CLAIMANTS**

TO:   Honorable Judge Vincent F. Papalia
       United States Bankruptcy Court
       50 Walnut Street, 3rd Floor,
       Newark, New Jersey 07102

Pilgrim Medical Center, Inc., the within debtor-in-possession (the "Debtor"), by and through its counsel, Scura, Wigfield, Heyer & Stevens, LLP, respectfully submits this memorandum of law in opposition to the Ad Hoc Committee of Employment Discrimination Claimants (the "Movant") cross motion for an order reinstating the Official Committee of Unsecured Creditors or appointing an Official Committee of Employment Discrimination Claimants (the "Motion"), and states as follows:

**PRELIMINARY STATEMENT**

In the present Motion, the Movant attempts to obfuscate the facts and law with irrelevant allegations and misplaced reliance on legal principles that have no precedent in this District. The Movant attempts to irrationally convince the Court to form a committee of three judgment creditors (the "Plaintiffs") that serves no purpose other than to have the bankruptcy estate pay for their attorney fees and to exert pressure on the debtors to settle their alleged state court discrimination matters. The Movant's argument of lien avoidance is purely speculative at this time and the Plaintiffs are unequivocally secured creditors in accordance with New Jersey state law. Moreover, an additional committee pursuant to Section 1102(a)(2) of the Bankruptcy Code would provide extraordinary relief to the detriment of the debtors, which is clearly unnecessary.

As will be demonstrated below, the Plaintiffs are secured creditors and Movant's contentions of bad faith are disingenuous. The Debtor has properly amended its Schedules to reclassify the Plaintiffs allowed claims as secured and have conducted this bankruptcy matter with the utmost integrity and good faith. Furthermore, the debtors have proposed plans of reorganization, which shall pay the entirety of the Plaintiffs allowed secured claims within one year. In furtherance of the plans of reorganization Nicholas V. Campanella's wife, Marie Campanella, has unambiguously agreed to subordinate her interest in real property jointly owned with the individual debtor to his bankruptcy estate for the purpose of satisfying allowed claims. See Doc. No. 101. If the Movant is unsatisfied with the plans of reorganization, then they may vote against confirmation and subsequently propose a viable plan of reorganization. Thus, there is no rational reasoning to appoint a creditors committee in this small business case, when both debtors have acted faithfully as debtors in possession and filed plans of reorganization that have a reasonable probability of confirmation.

Accordingly, the Debtor respectfully requests that the Court deny the Movant's Motion.

# LEGAL ARGUMENT

### A. An Official Committee of Unsecured Creditors is Improper, Whereby the Plaintiffs are Secured Creditors Pursuant to New Jersey State Law.

In accordance with New Jersey state law, the Plaintiffs are unambiguously secured creditors and any potential avoidance of liens by the debtors is purely speculative. Therefore, the Debtor respectfully requests that the Court deny the Movant's demand to reinstate the Official Committee of Unsecured Creditors.

"A holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state." See New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 412 (N.J.,1991); see also N.J.S.A. 2A:16–1; N.J.S.A. 2A:17–17. "To establish a lien against a judgment debtor's real property, a creditor need only enter a judgment in the records of the Superior Court; a levy and execution on real property owned by the judgment debtor are not required." In re Mariano, 339 B.R. 344, 347 (Bankr. D.N.J. 2006).

In the present case, the Movant consists of the three judgment creditors originating from an alleged pre-petition employment discrimination lawsuit. Following entry of the Plaintiffs default judgment in the Superior Court, the Plaintiffs obtained secured status by automatically procuring a lien against the debtors' real property. Therefore, the Plaintiffs are unequivocally secured creditors and are not permitted to form an Official Committee of Unsecured Creditors.

Having clearly recognized that the Plaintiffs are secured creditors, the Movant illogically concludes that because the Debtor could *potentially* avoid the Plaintiffs unperfected liens under Section 544 of the Bankruptcy Code, then the Plaintiffs must be unsecured creditors and the Court should reinstate the Official Committee of Unsecured Creditors. Notably, the Movant's memorandum of law recognizes its flawed argument stating, "the Debtors have the right to avoid the unperfected liens and, *if the liens are declared void*, the Plaintiffs are unsecured creditors."

See Mov. Mot. 7 (emphasis added). To date, the debtors have not sought avoidance of the Plaintiffs unperfected liens. Moreover, because it is apparent that all claims will be paid in full in the individual debtor's case, the lien avoidance power under Section 544 is not applicable here. As a result, the Movant's lien avoidance argument is not only speculative, it is invalid.

Therefore, the Plaintiffs are secured creditors and the Debtor respectfully requests the Court deny the Movant's Motion.

### B. An Official Committee of Unsecured Creditors is Improper, Whereby the Plaintiff's Lien Status Precludes Their Participation.

Notwithstanding the Plaintiffs secured status, the Movant irrationally argues that the Plaintiffs secured status does not preclude their participation on an Official Committee of Unsecured Creditors. In furtherance of this argument, the Movant cites In re Seaescape Cruises, Ltd., 131 B.R. 241 (Bankr. S.D. Fla. 1991), a South District of Florida case that holds no legal precedent in the Third Circuit and District of New Jersey. Nevertheless, a review of the case clearly illustrates significant factual distinctions between the Seaescape Cruises court and the present matter.

First, in Seaescape Cruises the United States trustee was aware that certain creditors on the committee held potential maritime liens. Notwithstanding this disclosure, the United States trustee concluded "that these diverse interests were representative of the types of claims existing in the case and that their appointment to the [c]ommittee was not inconsistent with the purpose of Section 1102 of the Bankruptcy Code." In re Seaescape Cruises, Ltd., 131 B.R. at 242. Here, the United States Trustee determined that the Plaintiffs secured status was inconsistent with the purpose of an Official Committee of Unsecured Creditors and thus subsequently disbanded the committee.

Second, the Seaescape Cruises court concluded that "the claims of maritime lien holders are not so readily classified as secured claims, especially in the context of a bankruptcy

4

case…where the vessels have not been arrested…[w]hether any of the members of the [c]ommittee who claim potential maritime liens are actually secured creditor cannot be determined with any degree of certainty…." Id. at 242-43. Unlike Seaescape Cruises, the Plaintiffs claims are readily classified, whereby the Plaintiffs default judgment automatically became secured against the debtors' real property by operation of law upon entry of the default judgment with the Superior Court.

Lastly, the Seaescape Cruises court noted that the debtors in the case refused to acknowledge that any of the committee members hold valid or enforceable liens. Id. at 243. Here the debtors acknowledge that the Plaintiffs are secured creditors and hold valid liens. As a result, the Movant's reliance on Seaescape Cruises is misguided and inapplicable to the present matter.

Accordingly, the Movant maintains no grounds for an order reinstating an Official Committee of Unsecured Creditors and the Debtor respectfully requests that the Court deny the Movant's Motion.

### C. The Debtors have Conducted this Chapter 11 Bankruptcy Matter with the Utmost Good Faith and the Movant's Contentions of Bad Faith are Disingenuous and Unwarranted.

A review of the history of these jointly administered bankruptcy cases clearly illustrates the debtors' good faith efforts to resolve these matters to the benefit of all creditors. The Movant's allegations of bad faith and manipulation of the bankruptcy process are disingenuous. Therefore, the Debtor respectfully requests the Court to deny the Movant's Motion.

> Official unsecured creditor committees are provided by 11 U.S.C. § 1102(a)(1). In general the purpose of such committees is to represent the interests of unsecured creditors and to strive to maximize the dividend paid to that class of creditors. Membership on this committee is achieved by invitation only, extended by the United States trustee…and is purely voluntary. The selected creditors must be willing to serve.

In re Nationwide Sports Distributors, Inc., 227 B.R. 455, 463 (Bankr. E.D.Pa.1998). "Under Section 1102 of the Bankruptcy Code, *adequate representation exists as long as diversified*

5

*interests of various creditor groups are represented* on and have participated in the committee constituted by the United States Trustee." In re Trans World Airlines, Inc., 1992 WL 168152, at *3 (Bankr. .D.Del. 1992)(citing In re Sharon Steel Corp, 100 B.R., 767, 777-78 (Bankr. W.D.Pa. 1989)(emphasis added))). "[M]embers of a creditors' committee are obligated to act in a fiduciary capacity and may not use their positions as committee members to advance only their individual interests." In re Map Intern., Inc., 105 B.R. 5, 6 (Bankr. E.D.Pa.1989). "It is important to keep in mind that each member of the Official Committee *is free to represent its own interest in an individual capacity apart from membership in the official committee*." In re Garden Ridge Corp., 2005 WL 523129, at *4 (Bankr. D.Del. 2005)(emphasis added)).

Moreover, pursuant to Section 1102(b)(3) of the Bankruptcy Code, "on request of a party in interest in a case in which the debtor is a small business debtor and for cause, the court may order that a committee of creditors not be appointed." 11 U.S.C. § 1102(a)(3). "This exception is one of several amendments that was made to the Bankruptcy Code in 1994 in an effort to expedite the process by which small businesses may reorganized under chapter 11." In re Haskell-Dawes, Inc., 188 B.R. 515, 519 (Bankr. E.D.Pa.,1995). "No explanation is provided in the Bankruptcy Code for what constitutes cause for relief under § 1102(a)(3) nor is the legislative history of assistance in this regard." Id.

Here, the Debtor respectfully requests that the Court enter an order that a committee of creditors not be appointed. First, the Movant's proposed committee consist only of the Plaintiffs. Upon information and belief, no other unsecured creditors have voluntarily accepted the United States Trustee's invitation to participate on an Official Committee of Unsecured Creditors. Consequently, the proposed committee does not provide adequate representation, whereby the Movant proposed committee will not consist of a creditor body of diversified interests. In re Trans World Airlines, Inc., 1992 WL 168152, at *3. Official committees are not intended to

allow one particular creditor a platform to further its own agenda. See Id. . Here the Movant's proposed committee will only serve its individual interest and impose additional expenses on the debtors' bankruptcy estates which may adversely affect their reorganization efforts. Secondly, the debtors have conducted their respective cases with the utmost good faith, evidence by the following: (1) the Debtor has appropriately amended its bankruptcy petition to correctly classify respective creditors; (2) the Debtor has filed a confirmable plan of reorganization; (3) the debtors have consented to the Movant's request to jointly administer the debtors' bankruptcy cases; and (4) the debtors are current with monthly operating reports and United States Trustee fees. Notably, the Movant's statements that it discovered and coerced the debtors into reversing two of Nicholas Campanella's pre-petition fraudulent transfers is absolutely inaccurate. The individual debtor made full disclosure of the fraudulent transfers during his 341 Meeting of Creditors and further filed an amended SOFA on July 11, 2016. See Doc. No. 17, Case No. 16-21185. The fraudulent transfer was thoroughly discussed with the United States Trustee and creditor representatives during the 341 Meeting of Creditors. Moreover, the Notice of Appointment of the Official Committee of Unsecured Creditors was not entered until September 29, 2016, far after the amended SOFA. See Doc. No. 90, Case No. 16-15414; see also Doc No. 35, 16-21185.

Lastly, it is important to reiterate that the United States Trustee chose to correctly disband the Official Committee of Unsecured Creditors as a result of the Plaintiffs being secured creditors. While Movant's counsel alleges that the debtors have "gerrymandered" the classification of Plaintiffs' claim, it is the Debtor's contention that the amendments were made in accordance with New Jersey state law, which the Movant has clearly chosen to ignore in their efforts to place unnecessary expenses on the debtors' bankruptcy estates.

Accordingly, the Debtor respectfully requests that the Court deny the Movant's Motion.

### D. The Court Should Deny the Movant's Request for an Additional Committee Pursuant to Section 1102(a)(2) of the Bankruptcy Code, Whereby the Committee Would Cause Undue Hardship, Unnecessary Expense, and the Debtors have Proposed a Plan of Reorganization Satisfying the Plaintiffs Allowed Secured Claims in Full.

As articulated above, a creditors committee is unwarranted in this small business bankruptcy action, in addition to Nicholas Campanella's bankruptcy matter, whereby the debtors have conducted these bankruptcy cases with the utmost good faith and have proposed a confirmable plan of reorganization. Therefore, the Debtor respectfully requests that the Court deny the Movant's Motion.

Pursuant to Section 1102(a)(2) of the Bankruptcy Code, "the court may order the appointment of additional committees of creditors…if necessary to assure adequate representation of creditors or of equity security holders." 11 U.S.C. §1102(a)(2). "The court's appointment of an additional committee *is considered extraordinary relief and should be the rare exception*." In re Spansion, Inc., 421 B.R. 151, 156 (Bankr. D.Del. 2009)(emphasis added); In re Residential Capital, LLC, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012)("Appointment of an additional Committee is *extraordinary remedy that courts are reluctant to grant*.")(emphasis added)). "The creation of an additional creditors' committee pursuant to Section 1102(a) of the Bankruptcy Code requires the examination of two elements: (1) an affirmative showing by the movants of necessity in order (2) to assure adequate representation of all unsecured creditors." In re Trans World Airlines, Inc., 1992 WL 168152, at *2 (citing In re Sharon Steel Corp., 100 B.R. 767,776 (Bankr. W.D. Pa. 1989). "The Code does not define adequate representation, and the [c]ourt has discretion to appoint an additional committee based upon the facts of the case." In re Spansion, Inc., 421 B.R. at 156.

Courts within the Third Circuit have considered the "avoidance of the additional and unnecessary administrative costs that would result if another committee and a potential enclave of additional professionals is appointed" when determining whether appointment meets the rare exception standard. In re Orfa Corp. of Philadelphia, 121 B.R. 294, 299 (Bankr.E.D.Pa.1990). Likewise, courts within the Third Circuit have found additional factors including the "number of shareholders, complexity of the bankruptcy action, and whether the cost of an additional committee significantly outweighs the concern for adequate representation", in addition to the current status of the Chapter 11 case. In re Spansion, Inc., 421 B.R. at 156; see also Matter of Kalvar Microfilm, Inc., 195 B.R. 599 (Bankr. D.Del.1996).

Here, dispensing with a creditor's committee is in the best interest of the Debtor's bankruptcy estate. Such a committee and the professionals which it might hire would unduly burden the Debtor's reorganization efforts. The fact that a creditors committee was formed with only the Plaintiffs as members demonstrates no diversity and serves no purpose other than to have the estate pay for their attorney fees and to exert pressure on the debtor to settle the alleged discrimination claims. It is simply a way to circumvent the automatic stay. Furthermore, this small business case is not complex, retains limited creditors, and maintains only one shareholder. The debtors are well on their way to have confirmable plans of reorganization proposing to pay all the judgement creditors in within one year and Nicholas V. Campanella's spouse, Marie Campanella, has agreed to subordinate her interest in real property jointly owned with the individual debtor to his bankruptcy estate for the purpose of satisfying allowed claims.

In furtherance of the Movant's position, the Plaintiffs rely on In re the Budd Co., Inc, 512 B.R. 910 (Bankr. N.D. IL. 2014), a case which holds no legal precedent in the Third Circuit and the District of New Jersey. In Budd, the debtor was a large manufacturing automobile company with $384 million dollars in cash, and between 356 and 950 creditors holding asbestos

claims-valued between $23 and $50 million dollars. In re the Budd Co., Inc, 512 B.R. at 913-14. Furthermore, the Budd debtor was proposing a liquidation plan, which had not been filed evidencing how those claimants would receive distributions. Clearly appointing a committee to represent the interests of 950 creditors, whom were not previously represented in a bankruptcy case with $384 million dollars in cash is reasonable.

Unlike Budd, this is a small business case with limited resources. The committee that the Movant seeks to form will only maintain three members with identical interest. As case law provides, additional committee are formed on a case-by-case basis based upon the facts. Clearly this case is starkly different from Budd and is not persuasive. The Plaintiffs are free to represent their own interests in an individual capacity apart from membership in an official committee that will not be diverse and solely serve as an individual platform for the Plaintiffs at the debtors' expense.

Therefore, the Debtor respectfully requests the Court deny any requests for the Movant's Motion.

## CONCLUSION

For the reasons set forth above, the Debtor respectfully request that the Court deny the Debtor's Motion, and provide further relief as the Court deems appropriate.

Respectfully submitted,

**SCURA, WIGFIELD, HEYER & STEVENS, LLP**
Counsel to the Debtor-in-Possession

Dated: December 14, 2016        /s/ David L . Stevens
                                                   David L. Stevens