UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Martha R. Hildebrandt, Esq.
Mitchell B. Hausman, Esq.
Peter J. D'Auria, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-Mail: Martha.Hildebrandt@usdoj.gov
E-Mail: Mitchell.B.Hausman@usdoj.gov
E-Mail: Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Pilgrim Medical Center, Inc. and | : | Case No. 16-15414 (VFP) |
| Nicholas V. Campanella, | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | Judge: Hon. Vincent F. Papalia |
|  | : |  |
|  | : | Hearing Date: December 22, 2016 at 10:00 a.m. |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO CROSS-MOTION TO REINSTATE UNSECURED CREDITORS COMMITTEE OR APPOINT A COMMITTEE OF EMPLOYMENT DISCRIMINATION CLAIMANTS**

The Acting United States Trustee ("UST"), by and through counsel, in furtherance of his duties pursuant to 28 U.S.C. § 586(a)(3) and (5), respectfully submits this Limited Objection (the "Limited Objection") to the *Cross-Motion to Reinstate Unsecured Creditors Committee or Appoint a Committee of Employment Discrimination Claimants* filed by The Ad Hoc Committee of Employment Discrimination Claimants ("Employment Discrimination Claimants"), and respectfully states as follows:

1. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced under chapter 11 of title 11 of the United States Code ("Bankruptcy Code" or "Code"). This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting UST's "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6t Cir. 1990) (describing UST as a "watchdog").

2. This Court has jurisdiction to hear this matter under 28 U.S.C. §§ 1334 and 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1409.

4. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to this matter.

**FACTUAL BACKGROUND**

5. On March 22, 2016, Pilgrim Medical Center, Inc. ("Pilgrim") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, identified as Case No. 16-15414 (VFP).

6. Subsequently, on June 8, 2016, Pilgrim's principal, Nicholas V. Campanella ("Campanella" and together with Pilgrim, the "Debtors"), filed an individual voluntary petition for relief under chapter 11 of the Bankruptcy Code, identified as Case No. 16-21185 (VFP). On November 2, 2016, the Court entered an *Order Directing Joint Administration of Cases*, designating Pilgrim as the lead case.

7.  A review of secured and unsecured debts as scheduled and amended by both Debtors, and how the Employment Discrimination Claimants are scheduled, reveals the following:

*as to secured claims scheduled:*

> ➢ the Pilgrim Debtor schedules no secured debt. *See* Lead Case Docket Entry 1.
>
> ➢ The Campanella Debtor schedules total secured debt of $2,160,536.92, of which $1,043,386.66[1] is attributable to the three moving Employment Discrimination Claimants. *See* Campanella Docket Entry 52.

*as to unsecured claims scheduled:*

> ➢ The Pilgrim Debtor schedules total unsecured debt of $1,291,817.68, of which $1,043,386.66[2] is attributable to the 3 Employment Discrimination Claimants. *See* Lead Case Docket Entry 1.
>
> ➢ The Campanella Debtor schedules total unsecured debt of $30,178.00 (none of which is attributable to the three moving Employment Discrimination Claimants). *See* Campanella Docket Entry 48.

We further note that the three moving Employment Discrimination Claimants are the only employment discrimination creditors in both Debtors cases.

8.  On June 14, 2016, with regard to the Campanella Case, the Office of the United States Trustee ("OUST") sent out a *Solicitation of Interest in the Formation of a Creditors'*

---

[1] The three moving Employment Discrimination Claimants, scheduled as secured claims by the Campanella Debtor, are scheduled as follows; Jacqueline Jalil ("Jalil") at $334,920.00, Luisa Rojas ("Rojas") at $324,826.66, and Tania Mena ("Mena") at $383,640.00.

[2] The three moving Employment Discrimination Claimants, scheduled as unsecured claims by the Pilgrim Debtor, are scheduled as follows; Jacqueline Jalil ("Jalil") at $334,920.00, Luisa Rojas ("Rojas") at $324,826.66, and Tania Mena ("Mena") at $383,640.00.

3

*Committee* (the "Committee Solicitation"). Questionnaires were thereafter submitted to the OUST by Jalil, Rojas, and Mena.

9. On July 26, 2016, the Employment Discrimination Claimants each filed separate Proofs of Claim asserting non-priority general unsecured claims based on a *Final Judgment by Default* entered by the Superior Court of New Jersey, Law Division, Essex County in the matter of *Jacquiline Jalil, Luisa Rojas, and Tania Mena v. Pilgrim Medical Center, Dr. Nicholas Campanella, John & Jane Does 1-5, and ABC Corps 1-5* ("State Court Action"), identified by Docket No.: ESX-L-7913. *See* Lead Case Proof of Claim Nos. 10-1, 11-1, and 12-1; and Campanella Proof of Claim Nos. 4-1, 5-1 and 6-1

10. On September 29, 2016, the OUST filed a *Notice of Appointment of Official Committee of Unsecured Creditors* ("Notice of Appointment"), appointing Jalil, Rojas, and Mena to the Official Committee of Unsecured Creditors. *See* Lead Case Docket Entry 80. Jalil, Rojas, and Mena are the Employment Discrimination Claimants and the movants in the within matter.

11. On November 3, 2016, the Campanella Debtor filed an amended Schedule D, listing the Employment Discrimination Claimants as secured creditors, and identifying the property securing their claims as "All Real Estate Owned by the Debtor in the State of New Jersey".[3] *See* Campanella Docket Entry 49.

12. On November 10, 2016, Campanella filed a *Notice of Motion for an Order Declaring the Composition of the Official Committee of Unsecured Creditors Does Not Consist of Creditors Holding Unsecured Claims and Objection to Retention of Professional Cullen and*

---

[3] Pilgrim has not filed amended schedules. Unlike Campanella, Pilgrim does not disclose an ownership interest in any real property. *See* Lead Case Docket Entry 23.

*Dykman as Counsel for the Official Committee of Unsecured Creditors* ("Motion Challenging Committee"). *See* Lead Case Docket Entry 101. In the Motion Challenging Committee, Campanella argues that the three members appointed to the Official Committee of Unsecured Creditors (those being the Employment Discrimination Claimants) are secured creditors pursuant to docketed judgments obtained pre-petition. *See id*.

13. On November 16, 2016, the OUST filed a *Notice of Disbandment of Official Committee of Unsecured Creditors* ("Notice of Disbandment"). *See* Lead Case Docket Entry 110.

14. After the OUST filed the Notice of Disbandment, Campanella withdrew the Motion Challenging Committee. *See* Lead Case Docket Entry 112.

15. On November 18, 2016, the Employment Discrimination Claimants filed a *Cross-Motion to Reinstate Unsecured Creditors Committee or Appoint a Committee of Employment Discrimination Claimants* ("Cross-Motion").[4] *See* Lead Case Docket Entry 113. The Employment Discrimination Claimants argue that they are unsecured creditors and the OUST should reinstate the creditors committee under 11 U.S.C. § 1102(a)(1). *See id*. The Employment Discrimination Claimants argue their claims are unsecured because they failed to perfect their liens prior to the petition date, and such liens can be avoided pursuant to a trustee's strong arm powers under 11 U.S.C. § 544. *See id*. Alternatively, the Employment Discrimination Claimants argue that the OUST should appoint the Employment Discrimination Claimants to an additional committee pursuant to 11 U.S.C. § 1102(a)(2) to ensure adequate representation. *See id*.

---

[4] After the Debtor withdrew the Motion Challenging Committee, the Court determined to treat the Cross-Motion as a stand-alone motion. *See* Lead Case Docket Entry 134.

5

16.    On December 5, 2016, the Court entered an *Order Establishing Deadline for Filing Disclosure Statement and Plan and Rescheduling Certain Matters*[5] ("Scheduling Order"). *See* Lead Case Docket Entry 134. The Scheduling Order set the hearing on the Cross-Motion for December 22, 2016.

17.    At no time did the Employment Discrimination Claimants request that the UST appoint an additional committee under Section 1102(a)(1).

## ARGUMENT

**I. The Bankruptcy Code Does Not Authorize the Court to Order a Committee Under 11 U.S.C. § 1102(a)(1):**

18.    Section 1102(a)(1) provides, in part:

> the United States trustees shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors . . . as the United States trustee deems appropriate

11 U.S.C. § 1102(a)(1). The language is clear that, under subsection 1102(a)(1), the UST shall appoint a committee of unsecured creditors, and has discretion in appointing additional committees.

---

[5] The Scheduling Order provides that the Campanella Debtor shall file a plan and disclosure statement no later than December 22, 2016; the Campanella Debtor filed his Individual Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement on December 12, 2016. *See*, Campanella Docket Entry 64. The Scheduling Order further provides that with regard to the Employment Discrimination Claimants, whether or not a committee is formed, and whether acting in their individual capacities or jointly, if they decide to file a plan and disclosure statement, such documents shall be filed no later than December 29, 2016; as of the filing of this Limited Objection no plan or disclosure statement has been filed by the Employment Discrimination Claimants. The Scheduling Order does not speak to a deadline for the Pilgrim Debtor to file a plan and disclosure statement as such documents were already filed by that Debtor on November 28, 2016. *See* Lead Case Docket Entry 131.

19. In the instant matter, pursuant to his obligations under Section 1102(a)(1), the UST solicited interest from scheduled creditors regarding the formation of an unsecured creditors committee. Committee questionnaires were forwarded to the OUST by Jalil, Rojas, and Mena, their interest in serving on a committee was confirmed, and the UST filed the Notice of Appointment.

20. On November 16, 2016, after the Campanella Debtor scheduled the claims of the Employment Discrimination Claimants as secured, the UST disbanded the Official Committee of Unsecured Creditors and filed the Notice of Disbandment. The UST has the power to disband a committee appointed under Section 1102(a)(1). *See Carlucci v. Doe*, 488 U.S. 93, 99, 109 S. Ct. 407 (1988).

21. Section 1102(a) of the Bankruptcy Code governs the formation, appointment, and modification of official committees. Moreover, Congress gave the UST and bankruptcy courts important, but divergent, authority with respect to committees in chapter 11. Of course, any relief not provided by Congress in section 1102 is not available.

22. Section 1102 confers certain and specific authority to bankruptcy courts with respect to official committees. A bankruptcy court may, if requested:

> ➢ Order the UST to appoint additional committees if necessary to assure adequate representation (11 U.S.C. § 1102(a)(2));
>
> ➢ Order the UST to change committee membership if necessary to ensure adequate representation (11 U.S.C. 1102(a)(4));
>
> ➢ Order the UST to increase membership to include a creditor that is a small business concern (11 U.S.C. § 1102(a)(4)); and

> Order that a committee not be appointed in a small business case (11 U.S.C. § 1102(a)(3)).

Beyond that, section 1102 is silent on the court's role in committee appointment, composition, modification, or disbandment. 7 COLLIER ON BANKRUPTCY ¶ 1102.07[1] (16th ed. 2012) (no specific authorization for court to order the appointment of a committee under subsection 1102(a)(1)).

23. The relative and specific delineation of roles for the courts and the UST in committee matters under section 1102 is no accident. The 1986 amendments, which established the United States Trustee system on a permanent, nationwide basis (except for North Carolina and Alabama), reflected Congress's desire to separate certain judicial and administrative functions, and to screen courts from administrative functions that could raise conflict of interest issues. *See In re Victory Markets, Inc.*, 196 B.R. 1, 3-5 (Bankr. N.D.N.Y. 1995).

24. The absence of express authority for a court to order the appointment of a committee under subsection 1102(a)(1) is significant under several canons of statutory construction. For example, where, as here, the statutory language is unambiguous, the statute must be applied as written, without any modification or further attempt to divine Congress's intent, because "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal citations omitted). Congress did say that the court can order certain relief under subsections 1102(a)(2), (a)(3), and (a)(4). However, Congress did not say that the court can enter an order under subsection 1102(a)(1); if Congress had intended to provide for that, it would have said it.

25. Also, under the canon of *expressio unius est exclusio alterius* – i.e., the express mention of one thing excludes all others – "where a specific list is set forth, it is presumed that items not on the list have been excluded." *See Lewis v. Alexander*, 685 F.3d 325, 347 (3d Cir. 2012). Thus, as section 1102 contains no "clear implication" that the list of items the court can order may be expanded, Congress's express list of four kinds of relief that courts may grant (appointing additional committees, changing committee membership to ensure adequate representation, increasing committee membership to include a small business, and ordering that a committee not be appointed in a small business case), all such relief contained in subsections 1102(a)(2), (a)(3), and (a)(4), means that Congress intended to exclude court ordered relief under subsection 1102(a)(1). *Id*. Simply put, the words "the court may order" are contained subsections 1102(a)(2), (a)(3), and (a)(4), but those words do not appear in subsection 1102(a)(1).

26. Subsection 1102(a)(1) does not confer authority to the court to enter an order under that subsection. Because the clear and unambiguous language of section 1102 confers certain and specific authority to this Court with respect to committees, but does not empower this Court to enter an order under 1102(a)(1), the aspect of the Cross Motion seeking relief under 1102(a)(1) must be denied.

27. The UST does not take any position on whether the Employment Discrimination Claimants are secured or unsecured creditors of the Debtors. In the event that the Court makes a determination that the Employment Discrimination Claimants are unsecured creditors of both the Campanella and Pilgrim Debtors, the UST will reconsider appointment of an unsecured creditors committee under subsection 1102(a)(1) in the ordinary course.

## II. The OUST Will Carry Out Its Duties Under 11 U.S.C. § 1102(a)(2) If the Court Orders Appointment of an Additional Committee:

28.  Section 1102(a)(2) provides, in part:

> [o]n request of a party in interest, the court may order the appointment of additional committees of creditors . . . if necessary to assure adequate representation of creditors . . . . The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2). Appointment of an additional committee under Section 1102(a)(2) requires a finding that an additional committee is necessary to ensure adequate representation of creditors. If a court makes that finding, and orders the appointment of an additional committee, the UST is required to appoint an additional committee.

29.  The appointment of an additional committee is an extraordinary remedy. *See In re Residential Capital, LLC*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012), *citing In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); *see also In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002). The movant has the burden of proving that the appointment of an additional committee is necessary to ensure the adequate representation of the moving party. *Enron*, 279 B.R. at 685.

30.  "Adequate representation" is not defined by the Bankruptcy Code. The determination of whether to appoint an additional committee is based on the facts and circumstances of the case: "[b]ankruptcy [c]ourts have discretion to examine the circumstances on a case-by-case basis to determine if additional committees are warranted." *Dana*, 344 B.R. at 38, *citing Enron*, 279 B.R. at 685. In the instant case, the three moving Employment

Discrimination Claimants are the only creditors of that type in these cases; there are no other such claimants comprising a broad class of creditors in these cases.

31. The UST does not take a position on whether an additional committee under subsection 1102(a)(2) is necessary in this case. To the extent the Court orders the appointment of an additional committee under subsection 1102(a)(2), the UST will proceed appropriately.

          Respectfully submitted,

          ANDREW R. VARA
          ACTING UNITED STATES TRUSTEE
          REGION 3

By:    /s/ *Peter J. D'Auria*
       Peter J. D'Auria
       Trial Attorney

December 15, 2016