**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Fax.973-696-8571
David L. Stevens (Attorney ID 034422007)
*Counsel for Pilgrim Medical Center, Inc.*

**LAW OFFICES OF JEROME M. DOUGLAS, LLC**
Jerome M. Douglas, Esq. (042921995)
1600 Route 208 North
P.O. Box 670
Hawthorne, New Jersey 07507
Phone: (973) 238-8638
*Counsel for Nicholas V. Campanella*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Case No. 16-15414 (VFP) |
| **PILGRIM MEDICAL CENTER, INC., AND NICHOLAS V. CAMPANELLA,** | (Jointly Administered) |
| | Chapter 11 |
| | Hon. Judge: Vincent F. Papalia |
| Debtor. | Hearing Date and Time: May 23, 2017 @ 11:00 am |
| | *Oral Argument Requested* |

**OBJECTION TO FEE APPLICATION OF CULLEN AND DYKMAN ON BEHALF OF THE OFFICAL COMMITTEE OF UNSECURED CREDITORS**

Pilgrim Medical Center, Inc., and Nicholas V. Campanella, the within debtors-in-possession (the "Debtor"), by and through their undersigned respective undersigned counsel, jointly objects to the fee application for counsel for the Official Committee of Unsecured Creditors (the "Committee"), and states as follows:

**PRELIMINARY STATEMENT**

It cannot be forgotten that the Committee consists of three judgment creditors all individually represented by bankruptcy counsel since the inception of this case. The judgment

creditors were free to represent their own interests in an individual capacity apart from membership in an official committee. And, in fact they did hire bankruptcy counsel who appeared at the creditors meeting and was active through these cases.

The retention of Cullen and Dykman was never approved by this Court in the Pilgrim case; yet is seeks compensation for service performed in connection with that case. The applicant seeks approval of $53,919 in total compensation for <u>thirty-five days</u> of work. Work performed representing a disbanded committee. This application purportedly does not seek approval of fees after the disbandment of the committee. The work it performed during this thirty-five day period was unnecessary and self-perpetuated. Such an amount is legally and equitably unjustified.

The judgment creditors have motioned the state court for approval of the same fees requested here. The bankruptcy estate should not be burdened with attorney fees for a committee which solely served as a platform for the judgment creditors to represent their individual interests. If the judgment creditors have rights to charge the Debtors with costs under state law, they should seek redress solely in that forum.

## **LEGAL ARGUMENT**

Only the judgement creditors voluntarily accepted the United States Trustee's invitation to participate on an Official Committee of Unsecured Creditors. Thus, there was no diversity, and consequently, the Committee did not provide adequate representation. Here the Committee served only its own agenda.

The Committee seeks compensation for its counsel pursuant to Section 330 of the Bankruptcy Code which allows a professional employed under section 327 or 1103:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)

(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. 330.

During the period it was officially formed, counsel for the Committee was consumed with efforts that did not benefit the estate. Initially, its time was expended improperly exerting pressure on the principal in an attempt to gain advantage for the individual judgment creditors, and subsequently, defending itself against disbandment and protecting itself from

3

disqualification in light of the conflicts it had with Pilgrim and its affiliates. The following time entries derived from Cullen and Dykman, LLP's invoice, annexed to the fee application as Exhibit "B" are objectionable:

| Date of Task | Time Billed | Individual Performing Task | Appropriate Time | Basis for Objection |
|---|---|---|---|---|
| 1-Oct | 0.5 | DE | 0 | Unnecessary duplication of services and not reasonably likely to benefit the estate. Debtors will be charge by both counsel for the same unnecessary conversation. The Debtor acknowledge the potential fraudulent transfer at the creditors meeting and stated its intention to remedy it. |
| 1-Oct | 1.5 | DE | 0 | Drafting of conflict disclosures was not reasonably likely to benefit the estate or necessary to the administration of the case and was not within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. |
| 1-Oct | 0.6 | DE | 0 | Conflict checks was not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 4-Oct | 0.7 | DE | 0 | Time spent reviewing counsel's prior representation with Debtor and affiliates was for its own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 5-Oct | 1.8 | DE | 0 | Reviewing RPC's in connection with counsel's prior representation of Debtors and affiliates was not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 7-Oct | 0.2 | DE | 0 | Communication with a committee chair, presumptively the judgment creditors' bankruptcy counsel, is and unnecessary duplication of services. |
| 7-Oct | 0.6 | DE | 0 | Subsequent entry by paralegal states that paralegal prepared Notice of Appearance. Attorney's time spent preparing and instructing paralegal to file Notice of Appearance is excessive and duplicative. Further, counsel was not retained in the Pilgrim case therefore services were an unnecessary duplication of services and not reasonably likely to benefit the estate. |
| 7-Oct | 0.5 | DE | 0 | Time spent reviewing counsel's prior representation with Debtor and affiliates was for its own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 7-Oct | 1 | WP | 0.5 | Time spent drafting and filing a Notice of Appearance is |

| | | | | |
|---|---|---|---|---|
| | | | | excessive and duplicative of earlier time entry. |
| 10-Oct | 1 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Preparation of pleadings to retain Cullen and Dykman in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 11-Oct | 0.5 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Preparation of pleadings to retain Cullen and Dykman in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 11-Oct | 0.2 | DE | 0 | Communication with a committee chair, presumptively the judgment creditors' bankruptcy counsel, is and unnecessary duplication of services. |
| 11-Oct | 2 | WP | 0.5 | Time spent drafting a certification of service and cover letter is excessive. |
| 13-Oct | 0.5 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Preparation of pleadings to retain Cullen and Dykman in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 13-Oct | 1 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 13-Oct | 1 | WP | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 17-Oct | 1.2 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 17-Oct | 0.3 | WP | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the |

| | | | | |
|---|---|---|---|---|
| | | | | estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 18-Oct | 0.2 | DE | 0 | Communication with a committee chair, presumptively the judgment creditors' bankruptcy counsel, is and unnecessary duplication of services. |
| 20-Oct | 1 | DE | 0 | Review of objection to retention of Cullen Dykman and instructing associate to perform research on same was for its own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 20-Oct | 1 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 20-Oct | 7 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. The time spent was excessive. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 21-Oct | 0.5 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 25-Oct | 6.6 | DE | 0 | Time spent opposing motion to disband committee was excessive, did not benefit the estate, or necessary to the administration of the case. Further, if time is allowed it should be reduced by 50% whereas Cullen and Dykman was not retained. |
| 26-Oct | 0.5 | DE | 0.3 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered reviewing claims register for both debtors and should be reduced by 50%. |
| 26-Oct | 0.8 | DE | 0 | Time spent opposing motion to disband committee did not benefit the estate, or necessary to the administration of the case. Further, if time is allowed it should be reduced by 50% whereas Cullen and Dykman was not |

6

| | | | | |
|---|---|---|---|---|
| | | | | retained in the Pilgrim case. |
| 26-Oct | 2.5 | DE | 0 | Time spent opposing motion to disband committee was excessive, did not benefit the estate, or necessary to the administration of the case. Further, if time is allowed it should be reduced by 50% whereas Cullen and Dykman was not retained in the Pilgrim case. |
| 28-Oct | 5.2 | DE | 0 | Time spent reviewing objection to Cullen and Dykman's retention was for its own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 31-Oct | 4.2 | DE | 0 | Time spent reviewing objection to Cullen and Dykman's retention was excessive, for its own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 1-Nov | 1.4 | AP | 0 | Time spent reviewing and revising response to objection to retention of Cullen and Dykman is duplicative of work performed by David Edelberg, was for its own benefit, and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 1-Nov | 0.7 | AP | 0 | Time spent reviewing documents to demonstrate fraudulent transfers was unnecessary. Cullen and Dykan's assertion that it discovered and coerced the debtors into reversing two of Nicholas Campanella's pre-petition fraudulent transfers is absolutely inaccurate. The individual debtor made full disclosure of the fraudulent transfers during his 341 Meeting of Creditors and further filed an amended SOFA on July 11, 2016. See Doc. No. 17, Case No. 16-21185. The fraudulent transfer was thoroughly discussed with the United States Trustee and creditor representatives during the 341 Meeting of Creditors. Moreover, the Notice of Appointment of the Official Committee of Unsecured Creditors was not entered until September 29, 2016, far after the amended SOFA. See Doc. No. 90, Case No. 16-15414; see also Doc No. 35, 16-21185. |
| 1-Nov | 1.9 | AP | 0 | Time spent revising pleadings to demonstrate fraudulent transfers was unnecessary whereas Debtor disclosed the transfer and stated intent to remedy. |
| 1-Nov | 0.5 | AP | 0 | Time spent reviewing cases in effort to demonstrate fraudulent transfers was unnecessary whereas Debtor disclosed the transfer and stated intent to remedy. |
| 1-Nov | 1 | DE | 0 | Time spent reviewing and revising reply to objection to Cullen and Dykman's retention was duplicative of the work already performed by associate, for Cullen and Dykman's own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 4-Nov | 3.9 | AP | 0 | Time spent performing legal research in connection with |

7

| | | | | |
|---|---|---|---|---|
| | | | | the objection to Cullen and Dykman's retention was excessive, for Cullen and Dykman's own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 4-Nov | 1.3 | AP | 0 | Time spent continuing drafting reply to the objection to Cullen and Dykman's retention was excessive, for Cullen and Dykman's own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 4-Nov | 0.7 | AP | 0 | Time spent performing legal research in connection with the objection to Cullen and Dykman's retention was excessive, duplicative, for Cullen and Dykman's own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 4-Nov | 1.8 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 4-Nov | 0.6 | DE | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 4-Nov | 0.3 | WP | 0 | Cullen and Dykman was not retained in the Pilgrim case. Services rendered to seek discovery in connection with the Pilgrim case was not reasonably likely to benefit the estate or necessary to the administration of the case. Further, the purpose of deposing the family members, in lieu of the Debtors' principal, was meant to harass Dr. Campanella Debtor rather than to sincerely seek discovery. |
| 8-Nov | 4 | DE | 0 | Time spent drafting, reviewing and revising reply to objection to Cullen and Dykman's retention was excessive, duplicative of work performed by associate, was for its own benefit, and not reasonably likely to benefit the estate or necessary to the administration of the case. |
| 8-Nov | 1.5 | WP | 0.5 | Time spent drafting COS and filing same was excessive. |
| 9-Nov | 0.5 | DE | 0 | Time spent reviewing and editing law firm's own time records did not benefit the estate. |
| 10-Nov | 7.4 | AP | 0 | Time spent performing legal research in connection with |

| | | | | the objection to Cullen and Dykman's retention was excessive, duplicative, for Cullen and Dykman's own benefit and not reasonably likely to benefit the estate or necessary to the administration of the case. |
|---|---|---|---|---|
| 10-Nov | 0.5 | DE | 0 | Time spent reviewing and revising time records does not benefit estate.  Moreover, it is questionable why counsel would need to revise contemporaneous time entries. |
| 14-Nov | 4.5 | DE | 2.5 | Time spent reviewing associate's research memo in connection with the fee application and drafting limited objection was excessive. Moreover, Cullen and Dykman was not retained in the Pilgrim case in which the fee application was sought. |
| 15-Nov | 2.5 | AP | 0 | Associate billed for reviewing, drafting and revising the same limited objection to fee application that David Edelberg drafted.  Time spent was duplicative and excessive. Moreover, Cullen and Dykman was not retained in the Pilgrim case in which the fee application was sought. |
| 16-Nov | 5.9 | AP | 0 | Following the UST's disbandment of the creditors' committee, associate billed for continued legal research concerning the discontinuance of the creditors committee.  Time was unnecessary and did not benefit estate. |
| 16-Nov | 4.2 | AP | 0 | Following the UST's disbandment of the creditors' committee, associate billed for drafting a memorandum in opposition to disbandment of the creditors committee.  Time was unnecessary and did not benefit estate. |
| 16-Nov | 0.5 | DE | 0 | Following the UST's disbandment of the creditors' committee, counsel billed for drafting a notice of cross motion seeking reinstatement of committee. Time was unnecessary and did not benefit estate. |

In summary, the above table itemizes the objectionable time attributable to services rendered by David Edelberg total 53.7 hours.  Of the 53.7 hours billed, only 2.8 hours were reasonable. The above table itemizes 6.1 hours attributable to Winsome Peterkin for paralegal services. The 6.1 hours should be reduced to 1.5.  Similarly, the above table itemizes 30.4 hours attributable to Alissa Piccione. All of Ms. Piccione's services were either duplicative, unnecessary, or otherwise failed to benefit the bankruptcy estate.

Further, the Debtor reiterates that Cullen and Dykman were never retained in the Pilgrim case. Included in the above table are highlighted entries. The highlighted entries describe

services rendered in both jointly administered cases. Any compensation allowed to Cullen and Dykman should be reduced by no less than 50% whereas Cullen and Dykman was retained only in the Campanella case.

Thus, if the Court were to allow any compensation for legal fees incurred representing a disbanded creditors' committee, the time should be reduced as follows:

> David Edelberg: **32.8 hours** (83.7 total hours billed, less 53.7 objectionable hours, plus 2.8 of which may be reasonable)
>
> Winsome Peterkin: **4.3 hours** (8.9 hours billed, less 6.1, plus 1.5 which may be reasonable)
>
> Alissa Piccione: None.

The Committee also seeks to reimburse Cullen and Dykman for costs in the amount of $489.53. Of this total amount, $236.20 is attributable to "Other Professionals". The Debtor objects to the reimbursement of costs attributable to Other Professionals. It is unclear what the requested reimbursement is for, whether the services rendered were necessary, or what benefit the Other Professionals may have provided to the estate.

## **CONCLUSION**

The Creditors' Committee served only the interest of the three individual judgment creditors and not the estate. The judgment creditors are presently seeking an award for the same compensation sought in this Court. For all the reasons set forth above, the Debtor respectfully request that the Court deny the fee application in total.

Respectfully submitted,

**SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
Counsel to Pilgrim Medical Center, Inc.

Dated: May 22, 2017               /s/ David L . Stevens
                                                David L. Stevens

**LAW OFFICES OF JEROME M. DOUGLAS, LLC**
Counsel to Nicholas V. Campanella

Dated: May 22, 2017               /s/ Jerome M. Douglas
                                                Jerome M. Douglas