

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>**SCUR, WIGFIELD, HEYER,**<br>**STEVENS & CAMMAROTA, LLP**<br>1599 Hamburg Turnpike<br>P.O. Box 2031<br>Wayne, New Jersey 07470<br>Tel: 973-696-8391 Fax: 973-696-8571<br>David Stevens, Esq. (Attorney ID 034422007)<br>Counsel for the Debtor | Order Filed on June 13, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Pilgrim Medical Center, Inc. and<br>Nicholas V. Campanella<br><br>        Debtors. | Chapter 11<br><br>Case No.: 16-15414(VFP)<br>Procedurally Consolidated<br><br>Judge:  Vincent F. Papalia |

## CONSENT ORDER VACATING STAY NUNC PRO TUNC

  The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: June 13, 2017**

                   _/s/ Vincent F. Papalia_
                   **Honorable Vincent F. Papalia**
                   **United States Bankruptcy Judge**

Page 2
Debtor:          Pilgrim Medical Center
Adv. Pro. No.    16-1690
Caption of Order: **CONSENT ORDER VACATING STAY**

This matter having been brought before the Court by Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, attorneys for Pilgrim Medical Center, Inc. and the Law Office of Jerome M. Douglas, attorneys for Dr. Nicholas Campanella (collectively, the "Debtors") and Cullen and Dykman, LLP, attorneys for Jacqueline Jalil, Luisa Rojas, Tania Mena (collectively, the "Plaintiffs"); it appearing that the Plaintiffs obtained a judgment against the Debtors on December 4, 2015 (the "Judgment") in the matter known as <u>Jalil, et al. v. Pilgrim Medical Center, et al</u>., bearing docket number ESX-L-7913-13 in the Superior Court of New Jersey; it appearing that the Debtor has prosecuted an Appeal (the "Appeal") of the Judgment, and it appearing that on May 9, 2017, the New Jersey Appellate Division affirmed the Judgment, it appearing that the Plaintiffs have applied to the New Jersey Appellate Division for counsel fees as provided by the New Jersey Law against Discrimination, and it appearing that on or about May 24, 2017, the Debtors filed a Petition for Certification with the New Jersey Supreme Court, it appearing that all of the foregoing activities, to the extent they occurred post-petition, may constitute technical violations of the automatic stay, it appearing that the parties seek an order vacating the Automatic Stay *nunc pro tunc* regarding all aspects of the Appeal; and the Court taking notice of the parties consent to the form and entry of this order; and for good cause shown;

It is ORDERED as follows:

The automatic stay is hereby vacated, *nunc pro tunc*, to allow all aspects of the parties' prosecution and defense of the Appeal to proceed, including the Plaintiffs' requests for counsel fees and costs.

Debtor: Pilgrim Medical Center
Adv. Pro. No. 16-1690
Caption of Order: **CONSENT ORDER VACATING STAY**

We hereby consent to the form
And entry of the within Order

| | |
|---|---|
| SCURA, WIGFIELD, HEYER, STEVENS & CAMMAROTA, LLP<br>Attorneys for Pilgrim Medical Center, Inc. | CULLEN AND DYKMAN, LLP<br>Attorneys for Jacqueline Jalil, Luisa Rojas, and Tania Mena |
| By: __/s/ David Stevens_____<br>       David L. Stevens, Esq. | By: */d/ David Edelberg*_____<br>       David Edelberg, Esq. |

LAW OFFICES OF JEROME M. DOUGLAS, LLC
Attorneys for Nicholas V. Campanella

By: /s/ Jerome M. Douglas
   Jerome M. Douglas

F:\EDELBERG\Campanella Nicholas\Pleadings - Pilgrim\Consent Order Vacating Stay 5.30.17.doc