UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**
SCURA, WIGFIELD, HEYER & STEVENS, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David L. Stevens (Attorney ID 034422007)
*Counsel for Igor Goldenberg*

**Order Filed on September 27, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

**PILGRIM MEDICAL CENTER, INC.**

Debtor.

Case No. 16-15414
Chapter 11

Hon. Judge: Vincent F. Papalia

Hearing Date and Time:
September 14, 2017 @ 11:00 a.m.

## ORDER CONFIRMING CHAPTER 11 PLAN

The relief set forth on the following pages numbered two (2) through five (5) is
hereby **ORDERED**.

**DATED: September 27, 2017**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page:           2
Debtor:         PILGRIM MEDICAL CENTER INC.
Case No:        16-15414 (VFP)
Caption:        Order Confirming Chapter 11 Plan

It appearing that the combined the Amended Small Business Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement (Doc Entry 201) which amended the Chapter 11 Plan of Reorganization filed in the Pilgrim Medical Center, Inc. case, dated July 21, 2016 (Docket Entry 62) and the Nicholas Campanella Chapter 11 Plan of Reorganization, dated December 12, 2016 (Docket entry 64) (hereinafter the "Plan"), along with the order preliminarily approving the Disclosure Statement, and ballots to accept or reject the Plan, having been provided to parties in interest in accordance with this Court's order; and it having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. §1129(a) have been satisfied; it is hereby

**ORDERED as follows:**

1. All objections to confirmation that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied.

2. The Disclosure Statement dated July 19, 2017 and conditionally approved on July 21, 2017 is hereby finally approved.

3. The Plan (Doc Entry 201) is hereby confirmed subject to the amendments stated herein.

4. The treatment of the Class 6 holders found in Article II, Section 2.2 of the Plan is deleted and instead a holder of a claim in this Class shall be treated as follows:

    A. Except as modified in this Order Confirming Chapter 11 Plan, the holder of a claim in Class 6 shall be paid in full with interest and fees pursuant to the Stipulation of Settlement ("Stipulation") entered into between Pilgrim Medical Center, Inc., Dr. Nicholas V. Campanella, MCN Properties, Marie Campanella, Jacqueline Jalil, Luisa Rojas and Tiana Mena (Jacqueline Jalil, Luisa Rojas and Tiana Mena are hereinafter referred to as the "Plaintiffs").

2

Page:        3
Debtor:      PILGRIM MEDICAL CENTER INC.
Case No:     16-15414 (VFP)
Caption:     Order Confirming Chapter 11 Plan

The Stipulation is annexed as Exhibit "D" to the Plan and as Exhibit "A" hereto.

B.  The Stipulation is amended to recognize that the ~~sale of~~ real property know as 101 Beacon Boulevard, Sea Girt, New Jersey ("Sea Girt Property") has been sold.  All of the net proceeds of the sale of the Sea Girt Property will be turned over to John Murano, Esq. within five days of the entry of the Order for the benefit of the Plaintiffs and their professionals in accordance with the Stipulation.

C.  Professional fees and cost applied of $42,210.00 and expenses of $610.75 sought by Jerome M Douglas (Doc Entry 226) and fees of $75,320.00 and expenses: $3,598.61 sought by David L. Stevens (Doc Entry 219) are allowed and any holdback of previously approved fees is released.

D.  The Guaranty of MCN Properties ("MCN") and mortgages upon 387 and 391 Bloomfield Avenue, Montclair, New Jersey required by the Stipulation shall be delivered to John Murano, Esq within five days from entry of this order.

E.  The deadline of September 1, 2017 to obtain a contract of sale for the Haskell Property is extended to October 1, 2017.  Subject to meeting the preconditions outlined in paragraph 5 below, $25,000.00 of the proceeds from the sale of the Haskell Property shall be distributed pro rata to Debtors' counsel on account of their allowed fees and costs.  All other net sale proceeds of the sale of the Haskell Property shall be transferred to John Murano, Esq. upon closing for the benefit of the Plaintiffs pursuant to the Stipulation.  The payment of compensation from the sale proceeds of real property as directed herein is without prejudice to the Plaintiffs' other rights pursuant to the Stipulation and this Order.

5.  John Murano, Esq. will remit $25,000.00 from the funds turned over thereto from the sale of the Sea Girt Property for pro rata distribution to the Debtors' bankruptcy counsel on account of allowed fees and costs, subject to the following pre-conditions: (i) the MCN Guaranty must be signed and delivered to Plaintiffs' counsel; (ii) mortgages for 387 and 391 Bloomfield Avenue, Montclair, New Jersey must be signed and submitted

3

Page:           4
Debtor:        PILGRIM MEDICAL CENTER INC.
Case No:      16-15414 (VFP)
Caption:       Order Confirming Chapter 11 Plan

for recordation with the Essex County Clerk; (iii) the turnover of the sale of the proceeds

of the Sea Girt Property to John Murano, Esq. must be completed as provided for above,

and (iv) the Debtors must produce a written, financing commitment approving a loan to

the Debtors for the minimum amount of $500,000.00.

6.  The $50,000.00 in payments provided for herein to the Debtors' bankruptcy counsel on

account of allowed fees and costs will fully satisfy all claims of such counsel for payment

of counsel fees from the sale of the Sea Girt Property, the Haskell Property and the

Bloomfield Avenue Properties in Montclair, New Jersey, including any claims pursuant

to Section 506(c) of the Bankruptcy Code.

7.  Upon Final Resolution (as defined in the Stipulation) affirming the Plaintiffs' judgment,

absent the Debtors' full payment of the amount of the Indebtedness (as defined in the

Stipulation) within 30 days of Final Resolution, the Debtors shall be required to remit

$50,000.00 to John Murano for the benefit of the Plaintiffs pursuant to the Stipulation, in

order to "refund" the foregoing amounts released toward payment of the Debtors' counsel

fees.  Absent John Murano's receipt of such payment within the 30 day time period:  (i)

interest will immediately commence accruing upon the $50,000.00 at the rate of 10% per

annum; (ii) the Plaintiffs shall be entitled to recover all reasonable counsel fees and costs

incurred enforcing the payment of the $50,000.00, and (iii) the non-payment of the

$50,000.00 as provided for herein will not constitute a breach of the Stipulation, but only

a breach of the terms of this provision of this Order.

8.  The Debtors shall be obligated to satisfy the balance of the fees and expenses allowed to

the Debtors' bankruptcy counsel within thirty (30) days of the entry hereof unless counsel

enters into a written agreement allowing for the extension of time to satisfy outstanding fees and expenses.

9.    The Stipulation is hereby approved by the United States Bankruptcy Court.   Any inconsistencies between the Plan and the Stipulation shall be controlled by the Stipulation and any inconsistencies between this order and the Stipulation shall be controlled by this order.

10.   Any disputes arising from the Stipulation, relating to fees or otherwise, may be resolved and enforced by filing an application with the United States Bankruptcy Court.

11.   This Court shall retain jurisdiction of this matter for the purpose of enforcing this Order or to take such other action as the Court deems necessary, consistent with the Stipulation.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-2(c)

**CULLEN AND DYKMAN LLP**
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300 (Tel)
(201) 488-6541 (Fax)
David Edelberg, Esq. (DE-6258)
Counsel for The Ad Hoc Committee of Employment
Discrimination Claimants

| | |
|---|---|
| In Re: | Chapter 11 |
| Pilgrim Medical Center, Inc.<br>And Nicholas V. Campanella, | Case No.: 16-15414(VFP)<br>Procedurally Consolidated |
| Debtors. | Judge:   Vincent F. Papalia |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into between Pilgrim Medical Center, Inc.   ("Pilgrim"), Dr. Nicholas V. Campanella ("Campanella"), MCN Properties ("MCN"), Marie Campanella ("Marie"), Jacqueline Jalil, Luisa Rojas and Tiana Mena (collectively, the "Plaintiffs");

**WHEREAS**, Pilgrim is an outpatient surgical center specializing in gynecological surgery; and

**WHEREAS**, Campanella is the sole owner of Pilgrim; and

**WHEREAS**, Marie Campanella is the spouse of Campanella, and holds joint title with Campanella to various real property, including the homes located at 384 Sunset Boulevard, Wyckoff, New Jersey (the "Wyckoff Home") and 101 Beacon Boulevard, Sea Girt, New Jersey (the "Sea Girt Home"), and

**WHEREAS**, MCN is a limited liability corporation wholly owned by Campanella, which holds title to the real properties located at 387 and 393 Bloomfield Avenue, Montclair, New

Jersey (collectively, the "Montclair Properties"), and 909 Ringwood Avenue, Haskell, New Jersey (the "Haskell Property"), and

**WHEREAS**, the Plaintiffs commenced employment with Pilgrim in 2006, 2009 and 2011; and

**WHEREAS**, the Plaintiffs allege that their employment by Pilgrim was wrongfully terminated in violation of the Law Against Discrimination ("LAD"); and

**WHEREAS**, on October 9, 2013, the Plaintiffs filed a discrimination Complaint against Pilgrim and Campanella (collectively, the "Debtors") in the Superior Court of New Jersey ("Superior Court") pursuant to the LAD; and

**WHEREAS**, on December 4, 2015, the Superior Court entered a judgment in favor of the Plaintiffs against the Debtors in the amount of $1,107,346.83 (the "Judgment"); and

**WHEREAS**, a notice of appeal was filed by the Debtors regarding the Judgment on or about March 14, 2016 (the "Appeal"); and

**WHEREAS**, the Debtors state that they were unable to obtain a supersedeas bond; and

**WHEREAS**, on March 22, 2016 and June 8, 2016, Pilgrim and Campanella (collectively, the "Debtors") filed their respective Voluntary Petitions pursuant to Chapter 11 of the Bankruptcy Code in order to stay execution upon the Judgment; and

**WHEREAS**, the Debtors' cases are being jointly administered under case number 16-15414; and

**WHEREAS**, the Debtors and the Plaintiffs attended a mediation session regarding their Chapter 11 cases on December 19, 2016 and agreed upon the terms of the Stipulation; and

**WHEREAS**, the Debtors, the Plaintiffs, Marie, and MCN (collectively, the "Parties"), without admitting any liability, fault or wrongdoing, in an effort to resolve the Debtors' pending

2

Chapter 11 case  have engaged in extensive discussions and desire to provide a supersedeas bond, cash, or an acceptable substitution to secure the Judgment pending the outcome of the Appeal; and

**NOW, THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed between the Parties as follows:

A.  Standstill:

1.      The Parties will standstill regarding all deadlines, motions, drafting and filing of Plans of Reorganization ("Plans"), and pursuing approval of Plans, Disclosure Statements or any other actions for: (i) an interim period for purposes of finalizing the terms of the Stipulation and verifying whether the Debtors' reasonable, best efforts will result in their procurement of a supersedeas bond, a letter of credit, sufficient cash or similar financing at prevailing, commercially reasonable interest rates (the "Interim Standstill"); and (ii) assuming that the Stipulation is successfully memorialized and approved by the Court, a further standstill pending the entry of a final, non-appealable order or judgment concluding the Superior Court litigation between the Debtors and the Plaintiffs (a "Final Resolution").

2.      During the Interim Standstill, the parties will only be permitted to:  (i) pursue allowances of fees in the United States Bankruptcy Court, and (ii) pursue approval and implementation of the Stipulation.  No other efforts to pursue Plans of Reorganization, adversary proceedings, or any other actions will proceed in the Debtors Chapter 11 Bankruptcy Cases pending finalization of the Stipulation.

3.      The second standstill will remain in effect until six (6) months following a Final Resolution or as otherwise provided herein.

3

4.      The Debtors, Marie, MCN and all affiliates thereof (collectively, the "Campanella Parties") agree to utilize their best efforts, including utilizing all real property available thereto, in an effort to obtain either a supersedes bond, a letter of credit or sufficient financing, based upon prevailing, commercially reasonable interest rates, to deposit cash in a certificate of deposit in an amount sufficient to secure the amount of 125% of the Judgment plus accrued interest thereupon.

5.      If despite such efforts the Campanella Parties are unable to obtain such letter of credit, financing or supersedeas bond, the Campanella Parties will provide proof of such efforts to the Plaintiffs, including copies of all applications, rejection letters and all other correspondence evidencing, referring or relating to the Campanella Parties' efforts in such regard and the rejection of same.  Such disclosure will include copies of all existing appraisals of real properties owned or controlled by the Debtors and their affiliates at any time during the past 4 years (collectively, the "Real Properties"), all mortgage lien searches dated within the last 24 months regarding the Real Properties; all rent rolls for all Real Properties dated within the last 2 years, and all existing Phase I, Phase II and all other existing environmental reports and letters regarding the Real Properties dated within the last 2 years.

6.      Upon the execution of the Stipulation, the Campanella Parties will provide the Plaintiffs with all information referenced in the immediately preceding paragraph, including financing applications and all responses to such applications dated January 1, 2016 to date.  Such disclosures will continue on an ongoing basis as new documents are created or otherwise become available.

7.      To the extent that the Campanella Parties have omitted any of the Real Properties having significant equity, the Campanella Parties will promptly renew their applications utilizing

4

all of the Real Properties to obtain a supersedes bond, letter of credit or financing for deposit in a certificate of deposit. Any such financing will be at prevailing, commercially reasonable rates of interest.

8.      To the extent the Debtors remain unable to obtain such financing despite their best efforts utilizing all of the Real Properties; the Parties will utilize the mortgage and sale option outlined below.

B.   Mortgages as Security for the Plaintiffs' Judgment:

9.      The Campanella Parties will provide the Plaintiffs' designated fiduciary ("Trustee") with first mortgage liens (collectively the "Mortgages") upon the Haskell Property, the property located at 387 Bloomfield Avenue, Montclair, New Jersey ("387 Bloomfield") and the Sea Girt Home (the Sea Girt Home is subject to a first mortgage having a balance due of approximately $659,000.00).   The Mortgages will secure all amounts due pursuant to the Judgment, all post-Judgment interest, all interest and costs arising from the Stipulation, the Mortgages, post-Judgment counsel fees, LAD counsel fees and costs, and all reasonable counsel fees and costs incurred implementing and enforcing the terms of the Mortgages (collectively, the "Indebtedness").   The reasonableness of the foregoing counsel fees will be agreed upon by the Parties or determined by a court of competent jurisdiction. The Mortgages will accrue interest at the rate of 5% per annum, commencing January 1, 2017 (the New Jersey judgment rate will apply prior to January 1, 2017).

10.      The Campanella Parties retain the right to:  (i)  fully satisfy the Indebtedness and discharge the Mortgages at any time;  (ii)  utilize any of the Real Properties, through a sale or financing, including those encumbered by the Mortgages, to fully satisfy the Indebtedness at any time, and (iii) utilize any of the Real Properties, through a sale or financing, including those

5

encumbered by the Mortgages, to provide a supersedeas bond, letter of credit or deposit into an interest bearing escrow account cash in an amount equal to 125% of the Indebtedness and discharge the Mortgages.

11. The Mortgages will include an absolute assignment of rents, and covenants preventing the Campanella Parties, or anyone else from transferring the Sea Girt Home, 387 Bloomfield, the Haskell Property (collectively, the "Mortgaged Properties"). Pending resolution of the Indebtedness as provided herein, the Campanella Parties shall refrain from transferring, encumbering or allowing any liens to be created upon other real properties owned by any of the Campanella Parties, including the Montclair Properties and the Wyckoff Home.

12. The mortgage note(s) relating to the Mortgages, and the Mortgages, will include the usual and customary provisions and covenants, including payment of late fees, when applicable, requiring the Campanella Parties to maintain current payments of all real estate taxes, water and sewer bills, provide proof of property and liability insurance upon the Mortgaged Properties, naming the Trustee as an additional insured and loss payee, and maintain and manage the Mortgaged Properties in good repair.

13. The Campanella Parties represent that the Mortgages are valid first mortgages upon the Mortgaged Properties (excepting the first mortgage on the Sea Girt Home of approximately $659,000.00), are not subject to any defenses, counterclaims, or setoffs (excluding only the Debtors' rights pursuant to the Appeal), will not allow any additional liens or encumbrances of any kind, and that to the best of their knowledge, information and belief there are no environmental contaminants or underground storage tanks at the Mortgaged Properties and Montclair Properties.

14.    The Campanella Parties represent that the Mortgaged Properties are not rented to third parties, and such rentals are not anticipated.  Based upon such representations, the Trustee will not receive quarterly reports itemizing the income and expenses of each of the Mortgaged Properties, a current rent roll or copies of bank statements for the quarter.

15.    During the term of the Mortgages the Trustee will have the authority to monitor and enforce the terms of the Stipulation, the Mortgages and the mortgage notes.  The Trustee's reasonable counsel fees and costs incurred in such regard shall be added to the Indebtedness.

16.    The Campanella Parties and the Plaintiffs agree to cooperate and utilize their best efforts to procure an arm's length buyer for the Haskell Property as expeditiously as possible. The Campanella Parties will promptly select an arm's length realtor, that lacks any business or familial connections to the Campanella Parties, to list the Haskell Property for sale at a commission not to exceed 5% unless otherwise agreed by the Parties.  The Plaintiffs will be timely provided with full information regarding the sale of the Haskell Property, including copies of all listing agreements, offers to purchase, responses thereto, closing statements and all other documents and information relating to such sale.

17.    The Campanella Parties will have until July 1, 2017 to obtain a contract of sale for the Haskell Property to an arm's length purchaser; and until September 1, 2017 to close upon such sale.  Absent compliance with the foregoing deadlines, absent the Campanella Parties' cooperation in scheduling an auction sale of the Haskell Property, the Plaintiffs, through the Trustee, will have the right to reopen the Debtors' Bankruptcy Cases, obtain the appointment of an auctioneer, and promptly proceed with an auction sale of the Haskell Property.  Upon a successful closing upon the sale of the Haskell Property, the gross sale proceeds, less usual and customary closing costs, will be deposited in an interest bearing trust account maintained by

7

Johnathan Murano, Esq (the "Haskell Escrow"). The Campanella Parties hereby grant the Plaintiffs a lien upon the Haskell Escrow as further security for the Indebtedness, which lien shall be enforceable pursuant to the terms of the Stipulation.

18.     Any violation of any covenants of the Mortgages, the mortgage notes or the Stipulation will constitute a default.  Upon default, the Trustee will transmit written notice to the Campanella Parties advising of such default.  Such notice will trigger a 15 day cure period. Absent curing of the default within 15 days, the Trustee shall be permitted to: (i) reopen the bankruptcy case(s) and seek to schedule a public auction sale of the Mortgaged Properties; (ii) pursue collection of the Indebtedness pursuant to New Jersey Law; (iii) all standstills will immediately terminate; and (iv) the interest rate upon the Indebtedness will automatically and immediately increase to 10% per annum.

19.     The Campanella Parties will be solely liable for all expenses associated with preparing, executing and recording the Mortgages and related documents, including filing fees, the Plaintiffs' procurement of title insurance regarding the Mortgages, counsel fees and costs.  If not earlier satisfied, these expenses will become part of the Indebtedness.

20.     MCN and Marie will each sign an unconditional, limited guaranty, waiving all defenses (excluding only the Debtors' rights pursuant to the Appeal), pursuant to a standard form of a banking institution guaranty regarding the Indebtedness and the Mortgages.  MCN's guaranty will be limited to the current value of the Haskell Property and 387 Bloomfield. Marie's guarantee will be limited to the amount of the current equity above the mortgage payoff amount of the Sea Girt Home.  MCN and Marie hereby each represent that they are solvent, are regularly paying their respective bills as they become due, that they are not contemplating any transactions that will or may render them insolvent.

8

21.     Until the Mortgages are fully satisfied, Campanella, Marie and MCN will be prohibited from transferring, selling, or encumbering any assets having a value in excess of $20,000.00.   In addition, Marie agrees that her November 2016 agreement to subordinate her interest in any jointly owned real estate to the Judgment and the Plaintiffs' claims, including the Mortgaged Properties, will remain in effect until the Mortgages are fully satisfied.   Campanella and Marie represent that they have full authority to enter into this Stipulation on behalf of all of the Debtors, the Campanella Parties and MCN.

22.     Campanella and MCN agree that all applicable statutes of limitation regarding the transfer of the Montclair Properties to MCN by Campanella shall be tolled until the date which is the later of:  (i) the actual applicable statute of limitations without regard to the terms of the Stipulation, or (ii) the two (2) year anniversary of the date of Final Resolution.

23.     Upon execution of the Stipulation, the execution and filing of the Mortgages, compliance with the terms of the Stipulation, the production of the financial disclosures provided for herein by the Campanella Parties, implementation of the provisions hereof, and payment of administrative claims in the Debtors' Chapter 11 cases (including the mediator's fee of $6,900.00), the Plaintiffs consent to the entry of an order dismissing these Chapter 11 Bankruptcy Cases pursuant and subject to the terms of the Stipulation.

C.  Effect of Final Resolution:

24.     The Campanella Parties will be permitted six (6) months from the date of a Final Resolution, finding that one or both of the Debtors are liable to one or more of the Plaintiffs, to sell or refinance the Real Properties in order to fully satisfy the Mortgages and the Indebtedness as provided for herein.   Absent the sale or other satisfaction of the Indebtedness within six (6) months of Final Resolution, interest upon the Indebtedness will automatically and immediately

increase to 10% per annum, and the Trustee will have the right to file an application to reopen the Debtors' Chapter 11 proceeding, retain an auctioneer, and schedule a public auction sale of the Mortgaged Properties.   The Parties agree to use their mutual best efforts to conduct such auction sale within sixty (60) days of the expiration of the six (6) month period immediately following Final Resolution.

25.   All remedies provided in the Stipulation are cumulative.   Thus, upon the expiration of the six (6) month period following the date of Final Resolution, the remedies set forth within paragraph 18 and elsewhere in the Stipulation shall be applicable, and each remedy shall be non-exclusive; and the Plaintiffs will not be deemed to have waived any rights or remedies for collection of any amounts due.   Upon the expiration of the said six (6) month period following Final Resolution, the Plaintiffs may exercise any and all rights and remedies against Debtors, Marie and MCN for the collection of the Indebtedness, including, but not limited to, execution upon the Judgment as permitted by law.

26.   If the Final Resolution results in a final finding of no liability by both of the Debtors to all three of the Plaintiffs, or the Appeal results in a final and complete vacation of the Judgment, the Mortgages will be canceled and any escrow provided for herein shall be released. The use of the word "final" in the context of this paragraph and the Appeal refers to non-appealable judgment or order, and no appeal has been filed or sought within the applicable time period.

27.   The designated Trustee shall serve in a fiduciary capacity to protect the rights of the Committee and the Plaintiffs as set forth in the Stipulation.   The Trustee will be charged with enforcing the terms of the Stipulation and the Mortgages for the benefit of the Committee and the Plaintiffs.  John Murano shall serve as the Trustee.

10

28.     Notwithstanding the provisions of the Stipulation, the Committee, the Debtors and Plaintiffs reserve all rights to seek counsel fees and expenses incurred through Cullen and Dykman LLP for: (i) the approximately forty-six (46) day period when Cullen and Dykman LLP represented the Official Committees of Unsecured Creditors; (ii) for other services provided by Cullen and Dykman LLP in the Debtors' Bankruptcy cases for making a substantial contribution to these Chapter 11 cases or based upon any other grounds, and (iii) all rights to recover legal fees and expenses through any other available avenues, including in the New Jersey State Courts pursuant to, inter alia, the New Jersey Law Against Discrimination.

29.     The United States Bankruptcy Court shall retain exclusive jurisdiction for purposes of resolving all defaults, disputes and any other issues which may arise regarding the interpretation and enforcement of the Stipulation.

30.     Any and all notices or communications to be made under the Stipulation must be made in writing, via first class mail to each Party and with an email copy to their identified counsel at the respective addresses set forth below:

| To: | With a copy to: |
| --- | --- |
| Tania Mena, Luisa Rojas, Jacqueline Jalil<br>c/o John F. Murano, Esq.<br>Murano & Roth, LLC<br>800 Kinderkamack Road, Suite 202N<br>Oradell, New Jersey 07649 | David Edelberg, Esq.<br>Cullen and Dykman, LLP<br>433 Hackensack Ave., 12th Floor<br>Hackensack, NJ 07601<br>dedelberg@cullenanddykman.com |
| Dr. Nicholas V. Campanella or Marie Campanella<br>**c/o** Jerome M. Douglas, Esq.<br>Jerome M. Douglas, LLC<br>1600 Route 208<br>Hawthorne, New Jersey<br>Attorneys for Nicholas V. Campanella<br>jdouglasatty@gmail.com | Jerome M. Douglas, Esq.<br>Jerome M. Douglas, LLC<br>1600 Route 208<br>Hawthorne, New Jersey<br>Attorneys for Nicholas V. Campanella<br>jdouglasatty@gmail.com |
| Pilgrim Medical Center, Inc. | David L. Stevens, Esq. |

11

| c/o David L. Stevens, Esq. | Scura, Wigfield, Heyer and Stevens , LLP |
|---|---|
| Scura, Wigfield, Heyer and Stevens, LLP | 1599 Hamburg Turnpike |
| 1599 Hamburg Turnpike | Wayne,  New Jersey  07470 |
| Wayne,  New Jersey  07470 | Email: dstevens@scuramealey.com |
|  | Attorneys for Pilgrim Medical Center, Inc. |

31.    The Stipulation constitutes the entire understanding between the Parties.  No modifications, additions or other changes of the Stipulation shall be enforceable absent a writing signed by the Parties.

32.    The Stipulation may be executed in one or more counterparts, all of which together shall constitute one (1) original.

33.    Facsimile signatures shall constitute originals.

IN WITNESS HEREOF, the Parties hereto have duly executed the Stipulation as of the date written below.

**PILGRIM MEDICAL CENTER, INC.**

Dated: April     , 2017                    By:_____
                                                        Dr. Nicholas V. Campanella

**MCN PROPERTIES**

Dated: April     , 2017                    By:_____
                                                        Dr. Nicholas V. Campanella

Dated:   April     , 2017                    _____
                                                        Dr. Nicholas V. Campanella

Dated:   April     , 2017                    _____
                                                        Marie Campanella

12

Dated:    April    , 2017

_____
Jacqueline Jalil

Dated:    April    , 2017

_____
Luisa Rojas

Dated:    April    , 2017

_____
Tiana Mena

13

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 16-15414-VFP
Pilgrim Medical Center, Inc.                                        Chapter 11
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin           Page 1 of 2          Date Rcvd: Sep 27, 2017
                             Form ID: pdf903        Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 29, 2017.
db           +Pilgrim Medical Center, Inc.,   393 Bloomfiled Ave.,   Montclair, NJ 07042-3741
aty          +Gina Campanella,   44 Engle Street, 2nd Floor,   Englewood, NJ 07631-2905
aty          +Piekarsky & Associates, LLC,   191 Godwin Avenue - Suite 9,   Wyckoff, NJ 07481-2052
aty          +Scura, Mealey, Wigfield & Heyer,   1599 Hamburg Turnpike,   Wayne, NJ 07470-4093

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 29, 2017                          Signature:   /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 27, 2017 at the address(es) listed below:
          A. Crew Schielke    on behalf of Debtor    Pilgrim Medical Center, Inc. crew@crewschielke.com
          Andrew L. Spivack    on behalf of Creditor    BANK OF AMERICA, N.A nj.bkecf@fedphe.com
          Connie J Delisser    on behalf of Creditor    BANK OF AMERICA, N.A. cdelisser@mlg-defaultlaw.com,
          BKECF@mlg-defaultlaw.com
          David  Edelberg    on behalf of Creditor Committee    Official Comittee of Unsecured Creditors
          dedelberg@cullenanddykman.com
          David  Edelberg    on behalf of Creditor Tania  Mena dedelberg@cullenanddykman.com
          David  Edelberg    on behalf of Creditor Jacqueline  Jalil dedelberg@cullenanddykman.com
          David  Edelberg    on behalf of Creditor Luisa  Rojas dedelberg@cullenanddykman.com
          David  Edelberg    on behalf of Creditor Committee    Official Committee Of Unsecured Creditors
          dedelberg@cullenanddykman.com
          David  Edelberg    on behalf of Attorney    Ad Hoc Committee of Employment Discrimination Claimants
          dedelberg@cullenanddykman.com
          David L. Stevens    on behalf of Creditor Nicholas V Campanella dstevens@scuramealey.com,
          cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramale
          y.com
          David L. Stevens    on behalf of Debtor    Pilgrim Medical Center, Inc. dstevens@scuramealey.com,
          cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramale
          y.com
          David L. Stevens    on behalf of Interested Party    Pilgrim Medical Center, Inc.
          dstevens@scuramealey.com,
          cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramale
          y.com
          Jerome M Douglas    on behalf of Creditor Nicholas V Campanella jdouglasatty@gmail.com,
          mmalta@debtorcounsel.com
          Jerome M Douglas    on behalf of Debtor Nicholas V Campanella jdouglasatty@gmail.com,
          mmalta@debtorcounsel.com
          Jerome M Douglas    on behalf of Debtor    Pilgrim Medical Center, Inc. jdouglasatty@gmail.com,
          mmalta@debtorcounsel.com
          Jerome M Douglas    on behalf of Interested Party Nicholas K Campanella jdouglasatty@gmail.com,
          mmalta@debtorcounsel.com
          John F. Murano    on behalf of Creditor Jacqueline  Jalil john@muranoroth.com,
          vicky@muranoroth.com
          John F. Murano    on behalf of Creditor Tania  Mena john@muranoroth.com,  vicky@muranoroth.com
          John F. Murano    on behalf of Creditor Luisa  Rojas john@muranoroth.com,  vicky@muranoroth.com
          John J. Scura, III    on behalf of Debtor    Pilgrim Medical Center, Inc. jscura@scuramealey.com,
          cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;ascolavino@scuramealey.com;dsklar@scurameale
          y.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

District/off: 0312-2          User: admin              Page 2 of 2               Date Rcvd: Sep 27, 2017
                             Form ID: pdf903           Total Noticed: 4

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
                                                                                        TOTAL: 21